IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
2008 JUL 15 PM 4:09
CLERK_____
SO. DIST. OF GA!

| | |
|---|---|
| ULYSSES C. SMITH, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV508-039 |
| HERMAN TODD, Sheriff; DAVID HOLLANDS, JR., Deputy Sheriff; ATKINSON COUNTY JAIL, and ATKINSON COUNTY SUPERIOR COURT, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Telfair State Prison in Helena, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he was arrested in Atkinson County, Georgia, on September 30, 1991, without having a warrant issued against him. A false arrest claim is akin to a false imprisonment claim, and both of these claims are subject to a statute of limitations. Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007). To determine the applicable statute of limitations in a section 1983 case, courts are to look to the laws of the state in which the cause of action arose. However, courts are to look at federal law to determine when a § 1983 cause of action accrues. Id. at 1095. False imprisonment "consists of detention without legal process" and "ends once the victim

becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 1096 (Emphasis in original).

Though it is unclear when Plaintiff appeared before the Atkinson County magistrate or otherwise was arraigned on the charges for which he was convicted, Plaintiff asserts he was sentenced to 20 years' imprisonment on or about February 17, 1992. The undersigned will presume this to be the accrual date of Plaintiff's section 1983 claims. Plaintiff's arrest occurred within the State of Georgia, and a cause of action based on false imprisonment claims must be brought with two (2) years after the event giving rise to the injury. See O.C.G.A. § 9-3-33; Reese v. City of Atlanta, 247 Ga. App. 701, 702, 545 S.E.2d 96, 98 (2001). Plaintiff's Complaint was filed on May 12, 2008, well beyond the applicable statute of limitations period. Accordingly, Plaintiff cannot sustain a § 1983 cause of action based on his allegation that he was arrested falsely.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE